IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| CHARLENE SUE COX, Trustee of Charlene Sue Cox Revocable Trust Dated 10-9-08; ROSE E. HUTCHINSON; TIMOTHY A. HUTCHINSON; LESLIE HUTCHINSON; NICOLAS HUTCHINSON; GEORGE BURTON REX; MELISSA RAE REX; ROBERT SHELTON; EDITH SHELTON; EDITH SHELTON, as custodian for AMY SHELTON; and WILDISH STANDARD PAVING CO., | No. 3:13-cv-01688-ST<br><br>ORDER |
| Plaintiffs, | |
| v. | |
| HOLCOMB FAMILY LIMITED PARTNERSHIP, an Oregon limited partnership; FRED "JACK" W. HOLCOMB, individually and in his capacity as Trustee of the Holcomb Family Trust; JONES & ROTH, P.C., an Oregon professional corporation; PACIFIC CONTINENTAL BANK; and UMPQUA BANK, | |
| Defendants. | |

1 - ORDER

Michael J. Esler
John W. Stephens
Kim T. Buckley
ESLER, STEPHENS & BUCKLEY, LLP
121 S.W. Morrison Street, Suite 700
Portland, Oregon 97204-3183

Michael E. Haglund
Michael K. Kelley
HAGLUND KELLEY LLP
200 S.W. Market Street, Suite 1777
Portland, OR 97201

    Attorneys for Plaintiffs

Laura J. Walker
CABLE HUSTON BENEDICT HAAGENSEN &
LLOYD, LLP
1001 S.W. 5th Avenue, Suite 2000
Portland, OR 97204-1136

    Attorney for Defendant Holcomb Family
    Limited Partnership

Keith A Ketterling
Timothy S. DeJong
Jacob S. Gill
STOLL STOLL BERNE LOKTING &
SHLACHTER P.C.
209 S.W. Oak Street, Suite 500
Portland, Oregon 97204

    Attorneys for Defendant Pacific
    Continental Bank

Thomas A. Larkin
John Spencer Stewart
Tyler J. Storti
Jesse C. Ormond
STEWART SOKOL & LARKIN LLC
2300 S.W. First Avenue, Suite 200
Portland, Oregon 97201-5047

    Attorneys for Defendant Umpqua Bank

2 - ORDER

Stephen F. English
Thomas R. Johnson
PERKINS COIE LLP
1120 N.W. Couch Street, Tenth Floor
Portland, Oregon 97209-4128

      Attorneys for Defendant Jones & Roth, P.C.

HERNÁNDEZ, District Judge:

      Magistrate Judge Stewart issued a Findings and Recommendation [87] on August 8th, 2014. First, she recommends that the Court grant Plaintiffs' Motion for Leave to File a First Amended Complaint [42]. Second, she recommends that the Court grant in part Plaintiffs' Motion to Remand [19] by declining to exercise jurisdiction under the Class Action Fairness Act (CAFA), 28 U.S.C. § 1332(d)(2), and exercising jurisdiction only under 28 U.S.C. § 1334(b). Third, she recommends deferring on the issue of whether to remand the case to state court on equitable grounds, under 28 U.S.C. § 1452(b), and recommends referring the case to the United States Bankruptcy Court for the District of Oregon under LR 2100-1(a) for a decision on the deferred issue. Defendants Pacific Continental Bank, Umpqua Bank, and Jones & Roth timely filed objections to the Findings and Recommendation. The matter is now before me pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b).

      When any party objects to any portion of the Magistrate Judge's Findings and Recommendation, the district court must make a *de novo* determination of that portion of the Magistrate Judge's report. 28 U.S.C. § 636(b)(1); Dawson v. Marshall, 561 F.3d 930, 932 (9th Cir. 2009); United States v. Reyna-Tapia, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc).

      Defendants Pacific Continental Bank and Umpqua Bank object to the Findings and Recommendation because they contend that Judge Stewart erroneously considered Plaintiff's Revised First Amended Complaint (RFAC), instead of the original complaint, while assessing

3 - ORDER

whether the case should be remanded under the CAFA exceptions. 28 U.S.C. § 1332(d)(3)-(4). Defendants argue that when a court applies the CAFA exceptions, it must consider the class definition at the time of removal, i.e., the class definition in the original complaint. Pacific Continental Bank's Objections at 7. In her findings, Judge Stewart had concluded that the amendments to the class definition in the RFAC had "little or no substantive significance to the jurisdiction analysis," but nevertheless based her decision on the class definition in the original complaint. Findings and Recommendation at 15 ("[T]o avoid any concerns when analyzing the CAFA exceptions, the court will consider only *the class definition in the original complaint*, while noting, as appropriate, the parallel allegations in the [R]FAC.") (emphasis added). Judge Stewart relied on the evidence proffered by Plaintiffs to properly determine the citizenship of the putative class members under the class definition in the original complaint. This objection does not provide a basis to modify the Findings and Recommendation.

Defendant Jones & Roth raises two additional objections: (1) the court should have invoked its authority under Local Rule 1-4 to avoid referring the case to the bankruptcy court under Local Rule 2100-1(a); and (2) it was erroneous for the court to both decline to exercise jurisdiction over the case while granting Plaintiffs' Motion for Leave to File a First Amended Complaint because Plaintiffs had waived their right to move to remand. Neither objection provides a basis to modify the Findings and Recommendation.

First, Local Rule 1-4 is discretionary; it provides: "[i]n the interest of justice, a judge *may* suspend or modify the application of these rules in an individual case or group of cases." L.R. 1-4 (emphasis added). In contrast, Local Rule 2100-1(a) plainly states that "[t]he court hereby continues its reference to the bankruptcy judges of this district of all cases under Title 11 and all proceedings arising under Title 11 or arising in or related to cases under Title 11." L.R.

4 - ORDER

2100-1(a).  Judge Stewart did not err by declining to exercise her discretion under Local Rule 1-4.  Second, Defendant Jones & Roth did not argue before Judge Stewart that Plaintiffs had waived their right to file a motion to remand.  Accordingly, this objection cannot serve as a basis to modify the Findings and Recommendation.  Fed. R. Civ. P. 72(b).

I have carefully considered all of Defendants' objections and conclude that the objections do not provide a basis to modify the Findings and Recommendation.  I have also reviewed the pertinent portions of the record *de novo* and find no error in the Magistrate Judge's Findings and Recommendation.

## CONCLUSION

The Court adopts Magistrate Judge Stewart's Findings and Recommendation [87].  Therefore, Plaintiffs' Motion for Leave to File a First Amended Complaint [42] is granted.  Plaintiffs' Motion to Remand [19] is (1) granted to the extent Plaintiffs seek to have this court: (a) decline to exercise jurisdiction under the Class Action Fairness Act (CAFA), 28 U.S.C. § 1332(d)(2), and (b) exercise jurisdiction only under 28 U.S.C. § 1334(b); and (2) deferred to the extent Plaintiffs seek to have the case remanded to state court on equitable grounds under 28 U.S.C. § 1452(b).  This case is referred to the Bankruptcy Court for the District of Oregon under Local Rule 2100-1(a) for resolution of the deferred issue of equitable remand under 28 U.S.C. § 1452(b).

IT IS SO ORDERED.

DATED this 26 day of Oct, 2014.

_____
MARCO A. HERNÁNDEZ
United States District Judge

5 - ORDER